Date signed March 10, 2011



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| IN RE: | : |
| | : |
| LAMAR WILLIAMS | : Case No. 10-10618PM |
| REBECCA OWENS-WILLIAMS | : Chapter 7 |
| | : |
| Debtors | : |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : |
| JANET HILL | : |
| Plaintiff | : |
| vs. | : Adversary No. 10-0172PM |
| | : |
| REBECCA OWENS-WILLIAMS | : |
| Defendant | : |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : |

## MEMORANDUM OF DECISION

Defendant's Motion to Set Aside a judgment entered on January 20, 2011, came before the court for hearing on March 2, 2011.[1]  For the reasons set forth herein, the Motion will be denied.

This bankruptcy case under Chapter 7 was filed on January 11, 2010.  Although Janet Hill ("Plaintiff") held a judgment against the Debtor, Rebecca Owens-Williams ("Defendant" and/or "Debtor"), in the sum of $21,484.30 from the District Court for Prince George's County,

---

[1] Defendant's counsel did not appear at the hearing.  When telephoned, he responded that he had not gotten notice of the hearing but that he would come right away.  The court waited 90 minutes for his appearance which never took occurred.  Furthermore, all other parties, including his client, appeared at the hearing that was set by Notice sent out February 2, 2011.

Maryland (the "District Court Judgment"), Plaintiff was not originally scheduled as a creditor by the Debtor and did not receive notice of the bankruptcy case until Amended Schedules were filed on February 2, 2010.  This adversary proceeding was filed on March 19, 2010.  In due course, the Debtor received a discharge on June 21, 2010.

This adversary proceeding seeks a ruling of the court that the District Court Judgment was not dischargeable because funds were obtained from the Plaintiff through a false representation or actual fraud.  11 U.S.C. § 523(a)(2)(A).  Specifically, Plaintiff charges that, after obtaining a loan from Navy Federal Credit Union ("NFCU") in the amount of $13,604.00, she loaned the proceeds to the Defendant, who agreed to grant NFCU a security interest in a 2002 Chevrolet Suburban automobile owned by the Defendant.   This is alleged to be a false promise in that the Defendant never intended to provide security for repayment of the loan.  When she failed to repay the Plaintiff,  an action was filed and the District Court Judgment was entered as stated above.  As a further result of the failure to provide the collateral for the loan from NFCU, the Plaintiff wound up paying interest at the rate of 12.25% per annum, rather than 9.75% per annum.  Plaintiff further alleges that she would not have made the loan absent Defendant agreeing to grant a security interest.

In due course, the Defendant was served with a timely reissued summons on May 14, 2010, the answer to which was due on June 9, 2010.  When no answer was filed, on July 7, 2010, the Plaintiff filed a request for default that was served on the Defendant and her attorney.  No response was filed to that request, and a Clerk's Default was entered on July 12, 2010.  Two days later, Defendant and her counsel filed a motion to set aside the default, alleging that the Defendant had experienced significant medical problems that rendered her incapable of meeting with her attorney.  The motion to set aside the default came before the court for hearing on September 2, 2010, at which time Plaintiff consented to the motion.  At that time, the court conducted a pre-trial hearing and set dates for the termination of discovery, as well as a trial date of January 19, 2011.  An Amended Complaint filed on September 16, 2010, deleted certain references to Debtor's husband.

On October 25, 2010, Plaintiff filed a motion to compel the Debtor to answer interrogatories and to produce various documents that were served upon her on September 7, 2010.  No response was filed to the Motion to Compel, and on November 15, 2010, this court passed an Order granting the Motion to Compel and directing that the Defendant would be barred from offering any testimony should she fail to file the overdue answers to interrogatories

and responses to production of documents within fourteen days. On December 10, 2010, a response to the Motion to Compel was filed, consisting of Answers to Interrogatories signed by Defendant and her counsel. On December 14, 2010, this document was replaced by a document that was also signed by the Defendant but was not executed under oath or in compliance with 28 U.S.C. § 1746, Unsworn Declarations Under Penalty of Perjury.

    Plaintiff filed an exhibit list, a witness list, and a pre-trial memorandum. The Defendant did not make any pre-trial filings, and on January 10, 2011, Plaintiff filed a Motion in Limine and/or for the Entry of Default that was directed to the inadequacy of the answers to interrogatories supplied by Defendant and upon her failure to produce documents. That matter was set with the trial on January 19, 2011. As noted previously, Defendant's counsel did not appear at trial, and a judgment was entered in favor of the Plaintiff in the sum of $13,604.00. The Motion to Set Aside Judgment is based upon counsel's health issues that were said to have started in late November, 2010, and that rendered him unable to prepare for trial. The Motion further alleges that the Plaintiff fabricated the allegations of the Complaint.

    While there is strong policy in favor of deciding cases on the merits, parties do not have a blank check to disobey requirements to appear in court or to respond to discovery when and if they please. To determine whether or not a default should be set aside, the court must consider whether the moving party has a meritorious defense, whether that party acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the other party, whether there is a history of dilatory actions, and whether sanctions less drastic are appropriate. *See Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (CA4 1987).

    The Defendant has absolutely failed to establish existence of a meritorious defense. This would have required the presentation or proffer of evidence, which, if believed, would permit the court to find for the defaulting party. *United States v. Moradi*, 673 F.2d 725, 727 (CA4 1982). There must be some possibility that the outcome after a full trial will be contrary to the result achieved by the default. *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (CA4 1988). The absence of the presentation of a meritorious defense[2] is complemented by a history of dilatory action, including the previous default that was set aside and the failure to comply with the discovery requirements.

---

[2] The answer to the Complaint consisted merely of a general denial with no specific rebuttal pleaded.

An appropriate order will be entered.

cc:
Janet B. Hill, 501 Mace Drive, Ft. Washington, MD 20744
Richard J. Link, Esq., 200-A Monroe Street, #330, Rockville, MD 20850
Rebecca Owens-Williams, 5842 Everhart Place, Fort Washington, MD 20744
Thomas D. Wall, Esq., 1612 McGuckian Street, Annapolis, MD 21401
Cheryl E. Rose, Trustee, 12154 Darnestown Road, #623, Gaithersburg, MD 20878

**End of Memorandum**